# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOMER JONES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-19-141-G |
| | ) |
| | ) |
| WARDEN BEAR, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

This matter is before the Court for review of the Report and Recommendation ("R. & R.," Doc. No. 9) issued by United States Magistrate Judge Shon T. Erwin on April 17, 2019, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Judge Erwin recommends dismissal of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition," Doc. No. 1) because it was untimely filed.

Petitioner has filed a timely written Objection (Doc. No. 10). Thus, the Court must make a de novo determination of portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears pro se, seeks to challenge a 1985 conviction and sentence to offenses to which he pleaded guilty in the District Court of Oklahoma County, Oklahoma. Petitioner failed to move to withdraw his guilty plea. As outlined in the R. & R., and undisputed by Petitioner, Petitioner filed various applications for postconviction

relief and appeals thereon between October 14, 2016, and February 7, 2019, before filing the instant Petition on February 13, 2019.

Upon de novo review of the record, the Court concurs with Judge Erwin's suggested disposition of this matter. The Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), Petitioner's conviction and sentence became final on March 4, 1985. His one-year limitations period therefore "began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997." *Wood v. Milyard*, 566 U.S. 463, 469 (2012); *accord Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001). Because that deadline has long since expired, the Petition is time barred absent statutory or equitable tolling.[1]

Judge Erwin found that statutory tolling does not apply in this matter, and Petitioner's Objection offers no reasoned factual or legal basis to contradict that finding. *See* 28 U.S.C. § 2244(d)(2); *Fisher*, 262 F.3d at 1142-43. Petitioner does not argue actual innocence but objects that he is entitled to statutory tolling for various reasons, including the supposedly governing nature of *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *cert. granted sub nom. Royal v. Murphy*, 138 S. Ct. 2026 (2018). Judge Erwin thoroughly addressed this decision, concluding that its issuance does not support equitable tolling in this matter. The undersigned agrees. Neither this nor the other reasons cited by Petitioner demonstrate that Petitioner "has been pursuing his rights diligently" and "that some

---

[1] Although Judge Erwin states that Petitioner's deadline expired in March 1986, the discrepancy is immaterial.

extraordinary circumstance stood in his way," such that tolling on this basis is appropriate. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Petitioner additionally argues that the timeliness of his Petition should be assessed under § 2244(d)(1)(B)—i.e., that his deadline did not begin to run until an unconstitutional "impediment" created by the State (in the form of Petitioner failing to meet his state-court deadlines and failing to obtain relief in those courts) was removed on January 9, 2019, by an appellate-court order affirming a denial of postconviction relief by the trial court. Petitioner fails to explain how he was prevented from filing a federal habeas petition prior to the issuance of this order or address how any of the state-court proceedings impeded his ability to seek federal habeas relief. *See Edwards v. Keith*, 276 F. App'x 768, 769 (10th Cir. 2008); *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002).

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 9) is ADOPTED in its entirety, and the Petition (Doc. No. 1) is DISMISSED without prejudice as untimely filed. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

3

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 28th day of June, 2019.

*[signature]*
CHARLES B. GOODWIN
United States District Judge